October 19, 2015

Valentin Moreno, jr.
788216, Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711

Re: "Ex parte Valentin Moreno, Jr.,"
    Writ No. 49,474-05
    Cause No. CR-0517-96-F

Dear Mr. Acosta:

Enclosed you will find the original copies, of Applicant's Motion for Re-Consideration of motion for Remand for an Evidentiary Hearing, and Applicant's Second Request for Judicial Notice. All to be filed in the above referenced writ, and brought to the attention of the Court, as time permits.

Also enclosed, you will find a self-addressed envelope with postage pre-paid. Can you please, send me a stampted filed copy of this cover letter, for my records.

Thank you for your time, attention and assistance.

Respectfully,

*Valentin Moreno Jr.*

MOTION DISMISSED
DATE: 4-16-16
BY: PC

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

cc:file, HCDA

49,474-05

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

EX PARTE                                    §

VALENTIN MORENO, JR.                        §         WRIT NO. 49,474-05

APPLICANT                                   §

**APPLICANT'S MOTION FOR RECONSIDERATION OF**
**MOTION FOR REMAND FOR EVIDENTIARY HEARING**

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Valentin Moreno, Jr., "Applicant", Pro Se and respectfully files this, "Applicant's Motion For Reconsideration Of Motion For Remand For Evidentiary Hearing". In support thereof, Applicant would the following:

**I.**

This most Honorable Court possess exclusive habeas corpus jursidiction over the parties and subject-matter, therein, pursuant to Chapter 11 in the Texas Code of Criminal Procedure Ann. (Vernon 2015).

**II.**

(A)> Applicant duly filed subsequent Habeas Corpus Applicantion, with Memorandum and Exhibites in Support thereof, on June 15, 2015.

(B)> The Attorney representing the State, filed the State's Original Answer, on July 8, 2015.

(C)> The State's ANSWER "contradicts the established record". The State did not file additional evidence into the record in support of their ANSWER, and the State failed to address Applicant's claims submitted under Article "11.073", C. Cr. P.;

(D)> The Applicant raised claims of Prosecutorial Misconduct and Ineffective Assistance of Counsel, in support of a claim of "Actual Innocence", pursuant to 'newly' obtained scientific related evidence. The State's ANSWER did not controvert these claims and the facts asserted therein;

Page 1.

(E)> The Applicant raised a claim of "ACTUAL INNOCENCE", via the provisions set forth in Schlup v. Delo, 513 U.S. 298, 315 (1995). No Schlup-type inquiry and/or hearing was conducted. Pursuant to the "new" evidence submitted in support of Applicant's constitutional violation claims;

(F)> The Applicant also raised a prima facie claim under Article 11.073, C. Cr. P. Applicant proffered newly obtained sworn scientific expert testimony, made a prima facie showing of the required due diligence in obtaining same; and also made a prima facie showing of the 'now' required under Art. 11.073 (d) C. Cr. P.;

(G)> The trial judge failed to enter explicit Findings of Fact, Conclusions of Law, Recommendation and Order, pursuant to the 'new' Article 11.073 (b), (c) and (d) C. Cr. P.:

(H)> On September 22, 2015, this Honorable Court of Criminal Appeals, DENIED the Applicant's Motion for Remand for Evidentiary Hearing. In the interest of justice and so that this Court can have an adequate record to assess. The Applicant respectfully files this motion for re-consideration.

## III.

Applicant's habeas arguments, concerning the scientific evidence the State elicited and presented at trial, was argued from 'two' standpoints. First, Applicant argued under 11.073 (a)(2), which state in part, "This article applies to relevant scientific evidence that: 'contradicts scientific evidence relied on by the state at trial'."

At trial, the State elicited and presented the scientific testimony of psychologist Dr. A.J. Alamia (hereinafter Dr. Alamia). Dr. Alamia testified, that 'in traumatic events the human memory functions like a camera; taking "snapshots" that stay igrained in the memory".' The State in Closing Arguments, bolstered the testimonies of the State's "key" witnesses, with Dr. Alamia's testimony, that the human memory works like a camera. So clearly the state relied on Dr. Alamia's scientific testimony.

However, Applicant presented credible scientific research and the sworn affidavit of psychology professor Dr. James Aldridge, showing that the human memory does not function like a camera, and that Dr. Alamia's testimony was misleading and incorrect.

Second, same facts and evidence that Applicant used in his 11.073 argument, concerning the scientific testimony of Dr. Alamia. The only difference, Applicant argued, that his Due Process of Law was violated by the State use of Dr. Alamia's misleading and false scientific testimony. Due process is violated when the State has knowingly or [u]nknowingly uses false testimony. See; Ex parte Chabot, 300 S.W. 3d 2009 (TCCA 2009).

In the State's Response and Answer, there is "no" mention of Apllicant's argument under 11.073 and its provisions. The trial courts "Findings of Facts", also, does 'not' mention Article 11.073, its provisions and Applicant argument under such. The State only responds, to the "false testimony" argument; "Applicant supports the claim that this witness (Dr. Alamia) provided "false" testimony by way of an opinion provided by another expert (Dr. Aldridge). As such, this is more properly a battle of experts rather than "false" testimony." A 'battle' of experts translates into "contradicting" experts.

Clearly, everything surrounding the "two" arguements,"11.073 (a)(2)" and the "false testimony". Bring a situation where there is "controverted issues, previosly unresolved facts, material to the legality of applicant's confinement".

Moreso, because everything surrounding Dr. Alamia's incorrect scientific testimony, has a direct bearing, on Applicant's arguments of ineffective assistance of counsel, and actual innocence claim.

## IV.

Pursuant to scientific evidence in the feild of forensic psychology, Applicant argued that the State influenced and contaminated, the in-court-identification of State witness Beatrice Trevino (hereinafter Ms. Trevino), with suggestive post event information and post event misinformation (hereinafter PEI and PEM). Which resulted, in a violation of Due Process of Law.

The foundation for this argument, arrives from Ms. Trevino's testimony at trial, "[A]pplicant's trial". Ms. Trevino testified that 'before' the applicant's trial, she

confessed to the lead prosecutor, that 'she believed she was making a mistake and mis-identifying the applicant'. In response, the prosecutor told her, that 'she was not making a mistake, because a witness that was at the actual crime scene "had stated the same (had also identified applicant), and two witnesses couldn't be wrong".'

Based on that testimony and the "newly" discovered scientific evidence on PEI and PEM. Applicant argued, that what the prosecutor told Ms. Trevino, was [u]nduly suggestive and prejudicial PEI and PEM.

The State's Response and Answer admits, that the State did share this suggestive and prejudicial PEI, with Ms. Trevino. [B]ut, the State attempts to excuse such act, by "knowingly making a false statement of a material fact", to this Court. The State's Response and Answer, states in part, "the only "new" aspect of this claim is that the witness was influenced by some post event information. However, the post event information applicant complains of was only provided to the witness 'after' she testified in his trial. The State contends this could not have influenced her testimony."

Applicant vigorously contends, that that Reponse and Answer, is a **bold** face lie. If the suggestive PEI that Applicant complains about, was not given to Ms. Trevino till **"after"** his trial, then 'how did Ms. Trevino testify about "[d]uring" his trial......?'

Applicant would add [e]mphasis, that the foregoing produces "controverted issues, previously unresolved, material to the legality of his confinement.

Moreso, because, arguments and facts surrounding this issue, are also essential to a Brady argument, an ineffective assistance of counsel argument and a claim of actual innocence.

## V.
## CONCLUSION

For the foregoing reasons, but not limited thereto, Applicant respectfully asks this most Honorable Court, to re-consider his motions for an evidentiary hearing. Applicant has shown, that the State Response and Answer, and the trial court's

Page 4.

Findings of Fact, Conclusion of Law, Recommendation and Order, circumvents his 11.073 arguments and evidence. Additionally, Applicant has shown, that the attorney that is representing the State, has made knowingly false statements of material and crucial facts.

More importantly, Applicant has shown, that there are important controverted issues, previously unresolved facts, that are essential material to the legality of his current confinement.

## VI.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Applicant, respectfully prays that this most Honorable Court 're-consider' his motions for an Evidentiary Hearing.

Signed on this _19th_ day of _October_, 2015.

Respectfully Submitted,

_Valentin Moreno Jr._
Valentin Moreno, Jr., Pro Se
French M. Robertson Unit
TDCJ-ID No. 788216
12071 FM. 3522
Abilene, Texas 79601

Page 5.

## VII.
## VERIFICATION

I, Valentin Moreno, Jr., TDCJ-CID No. 788216, being incarcerated in the French M. Robertson Unit, in Jones County, Texas; do hereby verify and declare under the penalty of perjury that the foregoing and all statements therein, are true and correct, as well being offered by me, in good faith.

Signed on this *19th* day of *October*, 2015.

Valentin Moreno, Jr.
TDCJ-ID No. 788216
French M. Robertson Unit
12071 FM. 3522
Abilene, Texas 79601


## VIII.
## CERTIFICATE OF SERVICE

I, Valentin Moreno, Jr., do hereby certify that the original copy of Applicant's Motion for Re-Consideration of Motion for Remand for Evidentiary Hearing, was sent to the Clerk of the Court of Criminal Appeals, via U.S. 1st Class Mail. And that notice of such, was sent to the Hidalgo County D.A.'s office, via same way.

Done on this *19th* day of *October*, 2015.

Valentin Moreno, Jr.
Pro Se

Page 6.